William C. Hecht, Jr., J.
The petitioner-settlor has brought this article 79 proceeding on five counts or causes: (A) with respect to the trust agreement of October 13, 1939 for a declaration of invalidity and of rescission because he was mentally incompetent at the time of its execution; (B) for the same relief with respect to the trust agreement of May 8, 1941; (0) for the same relief as to the latter because it deprives his wife of the value of her right of election under section 18 of the Decedent Estate Law; (D) as to the May 8,1941 trust agreement because it is illusory and was intended to defeat rights of his wife and is, therefore, ineffective; and, finally (E) for an order declaring him to be entitled to receive distribution of the corpus of the 1941 trust because of an absolute right of invasion.
The guardian ad litem has moved for dismissal of counts or causes C, D and E for insufficiency, and of counts A and B upon the ground of Statute of Limitations and laches. The vested remaindermen have moved for dismissal of counts C, D and E for insufficiency and A, B, 0 and D upon the ground of Statute *1079 of Limitations and, in addition, as to A, B, C and D that the court has no jurisdiction under article 79 of the Civil Practice Act. The trustees join in the motions.
Petitioner urges jurisdiction upon the ground that article 79 embraces and permits proceedings for construction as to validity. Such proceedings, however, concern themselves with the construction and validity of the provisions of an agreement valid at its inception. What petitioner proposes here is a determination that the trust agreements had no valid inception because of his incapacity to contract or, as to the 1941 agreement, that it had no invalid inception because of the fraudulent intent and motive. However the petitioner’s alleged wrongful motives do not affect the binding force of a presently valid transfer, and the wife’s expectant interest, enforcible under section 18 of the Decedent Estate Law, does not render the present transfer invalid. Except for the claimed incapacity to contract, there was no impediment to the transfer by trust indenture of the property embraced in those trusts. In addition, the issues thus tendered would arise normally as in all matters of contract in adversary proceedings in plenary suits which clearly is not the purpose and function of article 79, promulgated for expeditious accounting and determination of issues strictly of construction. Matters of mental capacity, finances and motive are not the proper concern of a proceeding instituted under that article.
Since the guardian ad litem does not raise that objection, the remaining objections must be considered. As to counts or causes A, B, 0 or D, it appears that this proceeding was commenced on April 30, 1956. Those counts are subject to the 10-year Statute of Limitations and the maximum of 15 years because of the claimed disability (Civ. Prac. Act, § 60). As to the October 13, 1939 agreement, the cause is barred, having been brought to litigation more than 15 years after accrual. As to the April 8,1941 agreement, the proceeding was instituted just short of 15 years after accrual. The time may not be extended more than five years after the claimed disability ceased.
Reliance is placed upon the statement in the petition that petitioner was discharged from institutional treatment on May 2, 1950, which is more than five years before suit, and that 15 years had not fully elapsed since accrual. However, it cannot be said that it appears on the face of the petition that the disability ceased, merely because of the stated discharge from the institution. Therefore, count A is barred, but counts B, C and D are not shown at this time to be barred. Nor may the issue *1080 of laches be determined on this application, and those issues, together with the issues relating to limitation as to causes B, C and D will remain for trial on the defenses.
Causes C and D are insufficient. The motive to defeat the wife’s right of election is not a present ground of invalidity or for rescission. Petitioner’s own fraud, if any, does not affect the right of the wife as it may exist in the event of her survival nor does it form the basis for relief in an article 79 proceeding. The provision for invasion by no means rendered the 1941 agreement illusory. The discretion was left in the absolute and uncontrolled judgment of the trustees. The settlor divested himself of every power over, and interest in, the res, save as a life beneficiary. Cause E is also insufficient. There is no basis for claim or inference of abuse of discretion set forth in the petition in relation to any demand upon the trustees for distribution of the entire trust res allocable to the purposes stated in the invasion provision. Certainly nothing is stated to support a sufficient claim of abuse of discretion in refusal to respond to a demand for distribution of the full corpus, particularly since plaintiff is the beneficiary of the income.
The motions are disposed of as follows: causes A, B, C and D are dismissed for lack of jurisdiction as to the vested remaindermen; cause A is dismissed as barred by the Statute of Limitations, as to the guardian ad litem and the vested remaindermen; causes C, D and E are dismissed for insufficiency as to the guardian ad litem and the vested remaindermen, and the motions are granted to that extent. The motions to dismiss causes B, C and D as barred by the Statute of Limitations and causes A and B for laches are denied.
Settle orders.