Henry Clay Greenberg, J.
This is a motion to dismiss on the ground that there is another action pending between the same parties for the same cause. The other u action” in this case is a proceeding pursuant to article 79 of the Civil Practice Act, for the judicial settlement of the account of trustees of an express trust; but, if the conditions of the rule are met, the fact that the other litigation is a special proceeding rather than action is immaterial (Colson v. Pelgram, 259 N. Y. 370).
The amended complaint in the instant action brought by the sole heirs and distributees of the settlor alleges fraud and undue influence on the part of one of the trustees in procuring by means of an amendment to the original trust agreement a provision for himself of one half of the remainder of the trust principal. Judgment is requested that the trustees be ordered to hold title to said half of the remainder for plaintiffs’ benefit and to convey same to them as the sole heirs and distributees.
On the same day that this action was commenced by service of summons and complaint plaintiffs interposed an answer and objections in the article 79 proceeding for the settlement of defendants’ account as trustees, alleging therein that the individual defendant had benefited through the exercise of fraud and undue influence, annexing a copy of the complaint in this action, asserting its pendency and requesting the court in that *642 proceeding to stay payment to said defendant until their claim in this action had been determined. Their position in effect is that the article 79 proceeding continue insofar as the settlement of the account as such-is concerned, but that payment of the provision for the individual defendant be enjoined until the determination of their action.
Plaintiffs seek by this action to set aside a provision of the trust instrument as invalid. They do not seek a construction or enforcement of the trust instrument but rather its partial destruction on the ground that through fraud and undue influence a portion thereof had no valid inception.
The reason for the enactment of article 79 was to provide a special proceeding in trust accountings and administrations with incidental construction and enforcement relief in the interests of expedition and economy (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 309). But it is not adaptable to, and was never intended to take the place of, adversary plenary litigation which, while it may relate to an express trust, seeks to set it aside in whole or in part (Matter of Reilly, 17 Misc 2d 1077; Matter of Buchener, 21 Misc 2d 566; see, also, 20 Carmody-Wait, New York Practice, pp. 547-549).
It thus becomes clear that this action and the article 79 proceeding are not “ for the same cause ”. Defendants’ motion to dismiss is based on a misconception of the purpose underlying article 79. Plaintiffs are entitled to proceed with their plenary suit by means of the usual procedural steps of an action. It may be observed that plaintiffs gave adequate and proper notice of their position in their answer in the article 79 proceeding and certainly cannot be held to have submitted the issues here raised for determination in that proceeding. The motion is, accordingly, denied.