Louis G. Bruhn, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act for an order granting a review of the determination of the Commissioner of the Department of Mental Hygiene in refusing to rescind an order of such Commissioner dated March 26,1954 which order transferred the petitioner, Clarence Gomillion, from Hudson Biver State Hospital to Matteawan State Hospital.
It appears uncontradicted that prior to September 14, 1949 the petitioner, Clarence Gomillion, had been an inmate of Matteawan State Hospital; that he was admitted to the Hudson Biver State Hospital by order of the County Court of Westchester County dated September 14, 1949; that he was placed on convalescent care from such institution on September 8,1950; that he was arrested on April 30,1951 in Hew York City charged with a felony, committed to Bellevue Hospital and thereafter on May 22,1951 was returned to Hudson Biver State Hospital and on March 26, 1954 transferred to Matteawan State Hospital pursuant to section 412 of the Correction Law.
On August 24, 1960 a written demand was made of the Commissioner of Mental Hygiene to rescind the order of March 26,1954 and by letter dated September 12,1960 the Commissioner denied such request.
While this court may disagree with a conclusion previously arrived at by my learned colleague that the petition is not barred by laches or the Statute of Limitations, it feels bound to respect such conclusion so far as this proceeding is concerned.
By such disagreement this court does not intend to suggest that no judicial relief should be available to the petitioner but rather that his remedy is not article 78 but habeas corpus.
Such conclusion is predicated on the basis that habeas corpus has no time limitation as a barrier and on the further holding of a recent Court of Appeals case People ex rel. Brown v. Johnston (9 N Y 2d 482, 485, 486).
In that case Judge Burke speaking for the unanimous court, with Judge Foster taking no part, stated:
*731 ‘ ‘ Since the writ of habeas corpus has traditionally been relied upon to alleviate the oppression of unlawful imprisonment and abuses of similar character, it can be invoked to obtain a hearing to test the validity of a commitment in an institution for the criminally insane. We cannot merely by virtue of the valid judgment sanction the subsequent abrogation of lawful process. & $ $
“ Although the availability of the writ of habeas corpus for this purpose may be a source of administrative inconvenience, it is not justification for a denial. It is well here to repeat that ‘ the rights of the best of men are only as secure as the rights of the vilest and most abhorrent are protected. ’ (People v. Qitlow, 234 N. Y. 132, 158.) ”
Since, in the instant case, the petitioner, Clarence Gromillion, was returned to Hudson Biver State Hospital by virtue of the 1949 commitment it is assumed that any criminal charges resulting from his arrest of April 30,1951 were by that time dismissed or otherwise disposed of so that none were pending and the petitioner was being held at the Hudson Biver State Hospital under civil rather than criminal process.
Section 400 of the Correction Law provides that Matteawan State Hospital shall “ be used for the purpose of holding in custody and caring for such insane persons held under any other than a civil process ”. (Italics supplied.)
Curiously, section 412 of the Correction Law, under which the Commissioner seeks to justify his action in the instant case, contains the identical language ‘1 held under any other than a civil process ’ ’.
Since in the instant case the petitioner does not come within any of the possibilities included in section 412 of the Correction Law it would seem that, pursuant to subdivision 5 of section 1296 of the Civil Practice Act, a ‘ ‘ rule of law affecting the rights of the parties thereto has been violated to the prejudice of the petitioner ” and the Commissioner’s order of transfer to Matteawan is invalid.
If, in fact, this petitioner should properly be committed to Matteawan, the Commissioner of Mental Hygiene is not without power to effect such transfer pursuant to the provisions of section 85 of the Mental Hygiene Law.
Therefore, for the reasons stated the order of the Commissioner denying the demand to rescind the order of March 26, 1954 as well as the order itself of March 26,1954 both are vacated and the petitioner is ordered remanded to the Hudson Biver State Hospital for such further proceedings as may be indicated to the Commissioner consistent with this opinion.