Dorothea E. Dohaldson, J.
The above-entitled claim, filed February 26,1964, is predicated upon the alleged false imprisonment of claimant in Matteawan State Hospital from April 1, 1954 to June 10, 1961. Claimant was admitted to Hudson River State Hospital by County Court of Westchester order dated September 14, 1949. Approximately one year after his release in 1950 he was arrested and charged with a felony. He was then returned to Hudson River State Hospital on May 22, 1951 after a brief stay at Bellevue Hospital. The claimant was transferred to Matteawan on April 1, 1954 and returned to Hudson River State Hospital on June 10, 1961 from which he was released on March 18, 1963 under outpatient care.
The State moved to dismiss the claim pursuant to CPLR 3211 on the grounds that the court lacks jurisdiction of the subject matter and the claimant fails to state a cause of action. Claimant has cross-moved for summary judgment.
The question must be considered whether the claimant has met the requirements of subdivision 3 of section 10 of the Court of Claims Act in view of the fact that more than 90 days had elapsed from the time the claim accrued to the date of filing. A claim for false imprisonment accrues upon release or discharge. The discharge from Matteawan occurred in 1961 but claimant continued under a disability. CPLR 208 mentions three disabilities. Claimant was not imprisoned for a crime nor was he an infant at the time of the accrual of the claim. The third disability is applicable to claimant even though he was never adjudicated incompetent nor was a committee ever appointed on his behalf. (Hammer v. Rosen, 7 N Y 2d 376.) Also, the court must consider whether the time toll continues during outpatient care. If answered in the negative, claimant is time-barred, and if affirmative, the claim is timely filed.
It has been held the discharge from a mental institution is not conclusive of cure. (Matter of Reilly, 17 Misc 2d 1077.) Release is prima facie a belief by the attending physicians the individual is capable of civilized conduct and a presumption of that self-sufficiency even though doctors place such person in the care of family. Nor can the court hold that outpatient care automatically continues in effect the rule of time suspension. Claimant obtained legal counsel and filed his claim during the period of outpatient care. Outpatient care as a part of psychiatric treatment is a progressive and relatively new technique which requires a review of procedural law in determining when the provisions of CPLR 208 are no longer applicable.
The court recognizes that the toll of the Statute of Limitations continues where there was “continuing treatment ”, *954 particularly in the cases where medical malpractice is alleged. The doctrine of ‘ ‘ continuing treatment ” is to he distinguished from the facts in the instant case and is not applicable. (Hammer v. Rosen, supra; Borgia v. City of New York, 12 N Y 2d 151.)
The purpose of CPLR 208 is to protect those incapable of asserting and perfecting their legal rights because of the listed disabilities. To rule that discharge from a mental institution is ipso facto the end to the disability of insanity is to ignore the advances of medical science. Being aware of these advances and attempting to maintain the spirit of the statute requires the court to await a fuller exposition of the facts. The court does not have before it sufficient evidence to determine whether or not claimant would fall within the tolling provisions of CPLR 208 after his release on outpatient care. Questions of this nature can only be determined on the trial of an action.
Section 412 of the Correction Law gave the Commissioner of Mental Hygiene authority to transfer inmates to Matteawan in two instances — when the inmate is confined for criminal process upon order of a Judge or any present inmate who had previously been sentenced to “any correctional institution”. Previous to September, 1949 claimant had twice been incarcerated at Matteawan State Hospital. The authority of this section had been upheld in People ex rel. Monaco v. McNeill (299 N. Y. 605), a decision dated April 20, 1949, some six years before claimant’s instant transfer.
A portion of section 412 was held unconstitutional by the United States Court of Appeals for the Second Circuit (see the discussion in People ex rel. Brown v. McNeill, 35 Misc 2d 53). The Supreme Court of the United States failed to rule on the matter due to the death of claimant.
Claimant relies on the decision of Judge Louis Gr. Bbuhw in Matter of Gomillion v. Commissioner of Mental Hygiene (29 Misc 2d 729). This decision is in conflict with the subsequent decision of People ex rel. Brown v. McNeill (supra). A harmonization or review of conflicts of opinion is not for this court but for appellate tribunals. However, the court is not obligated to determine the claim on these grounds.
Where there is the exercise of judicial authority in the issuance of an order by a competent official within his capacity and during the existence of valid authority, no claim will lie against the State of New York (Douglas v. State of New York, 296 N. Y. 530.)
Claimant fell squarely within the section authorizing his transfer. The initiating confinement being without constitu *955 tional objection, the court can only treat of the transfer which was done pursuant to then existing law. (Cf. Warner v. State of New York, 297 N. Y. 395 where initial commitment was without proper confinement procedure.) Claimant was not deprived of his freedom by his transfer because, at that time, he was already an inmate of Hudson Eiver State Hospital, to which institutionalization he has made no objection. (Brown v. McNeill, supra.)
It is a limitless inquiry to ask if a transfer among mental institutions by valid authority is not a violation of constitutional right because it requires, among others, consideration of the patient transferred to another ward intra institution or, reductio ad absurdum, to another bed within the same ward. The instant claim states that the false imprisonment was due solely ‘‘ to the acts and orders of the defendant, his officers, servants, agents and/or employees ”. This bald assertion, without express or implied elaboration or explanatory allegation fails to state a cause of action. The constitutional question must await a different set of circumstances for determination.
Accordingly, the motion of the State of New York to dismiss this claim is granted, and claimant’s motion for summary judgment is denied.