Scileppi, J. (dissenting).
Claims asserted against the State by statutory prescription, under ordinary circumstances, are to be filed within 90 days of their accrual (Court of Claims Act, § 10, subd. 3). Where the claim is not filed within the statutory period, a delinquent claimant may seek relief Jby way of a motion to file ‘ ‘ a late claim ’ ’, addressed to the sound discretion of the court (Court of Claims Act, § 10, subd. 5); or, if disabled by reason of some recognized legal impediment — infancy, detention in a State institution, or insanity, even absent an adjudication of incompetency or the appointment of a committee (Hammer v. Rosen, 7 N Y 2d 376) —may proceed as of right, and need only file the claim within two years after the disability is removed for it to be timely (N. Y. Const., art. Ill, § 19; Court of Claims Act, § 10, subd. 5). The timeliness of the claim, if controverted, would then be tested via a motion *344 pursuant to CPLR 3211 (subd. [a]) (Court of Claims Act, § 10, subd. 5; see Emanuele v. State of New York, 43 Misc 2d 135, 137; Gomillion v. State of New York, 51 Misc 2d 952, 953; Canizio v. State of New York, 8 Misc 2d 943, 945).
Recognizably, in an action for illegal detention, the wrong if any, is initiated by the first detaining act. Even so, we deal here not with an accrual of a cause of action, but with a 1 ‘ claim asserted against the state ”. The terms are not semantical equivalents and the question of the wrong’s inception is, for all intents and purposes, extraneous to our inquiry.
In point of fact, the Court of Claims Act does not provide for the running of the Statute of Limitations until the claim shall have accrued and the jurisdiction of the Court of Claims is framed also in terms of “ claims ” asserted against the State (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, 375, affd. 277 N. Y. 635; Court of Claims Act, § 9). The statute does not contain the words cause of action and though a cause of action would have accrued as between private parties with the first wrongful act, the sovereign can only be sued by its consent, and under the terms of the act by which it consents to be sued. Surely, a cause of action has arisen, but where it is prosecuted against the State, it is not cognizable in a court of law until the claim has accrued (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, 375, affd. 277 N. Y. 635, supra; Parmenter v. State of New York, 135 N. Y. 154; Sanford v. Sanford, 62 N. Y. 553). The claim, as one for a continuing wrong, is said by statute not to accrue until the detention ceases and the extent of damages can be fairly ascertained (Waterman v. State of New York, 19 A D 2d 264, 266; Moltion v. State of New York, 193 Misc. 850, affd. 277 App Div. 835, affd. sub nom. Taylor v. State of New York, 302 N. Y. 177, 185; Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, affd. 277 N. Y. 635, supra; Morrison & Quinn, Inc., v. State of New York, 204 App. Div. 623, 627; Dufel v. State of New York, 198 App. Div. 97).
In other words, a claim accrues against the State only when it matures, and “ claim accrued ” connotes only that damages have accrued. In the final analysis, the “ complete wrong ” rule simply, and quite neutrally, defines the point in time at which a claim is first enforceable and necessarily excludes early assertion of the claim (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, 375, affd. 277 N. Y. 635, supra; see, *345 also, Parmenter v. State of New York, 135 N. Y. 154, supra; Sanford v. Sanford, 62 N. Y. 553, supra). Borgia v. City of New York (12 N Y 2d 151) and those eases tolling the Statute of Limitations for continuing wrongs for purposes of salvaging just claims are similarly inapposite (cf. Hammer v. Rosen, 7 N Y 2d 376, 379, supra). The distinction, though elemental, is alluded to by the majority, then abruptly abandoned along with the plethora of authority which has established it as law.
On the facts before us then, the claim could only have accrued on final discharge from convalescent care in June, 1967, not before. Yet, to trigger the disability provisions of the statute, claimant must further establish that she was, in fact, incapacitated at the time the claim accrued, so as to impede, at least presumptively, compliance with the mandatory filing requirements. Initially, by her supporting affidavit, the disability was alleged to be the product of her detention through June, 1967 and to that fact alone. The Court of Claims, instead, and without any supportive evidence, attributed the disability to claimant’s mental condition prior to her discharge from convalescent care, also June, 1967 (61 Misc 2d 802, 805-806). Satisfied that the claim accrued in June, 1967 the Appellate Division, quite properly, reversed on the law and the facts (35 AD 2d 855).
The fact that the claimant, as a diagnosed schizophrenic, was placed on out-patient care does not of itself point to a continued disability. Release, though conditioned on continued treatment, prima facie, attests to a belief on the part of the attending physicians that the patient is capable of civilized conduct and gives rise to a coincidental presumption of self-sufficiency. Short of a proper evidentiary showing that her condition was, in fact, otherwise, claimant must be assumed to have been lucid enough to attend to her own affairs. Efforts at assigning a presumption of legal disability to the order of commitment which by its own force and effect expired in May, 1966, over three years before the motion to file a late notice of claim, are, of course, equally futile. In sum, the record is devoid of any evidence which would support a finding of mental impairment subsequent to June, 1966.
Even assuming that the claimant continued under a disability until June, 1967 and taking that date as the sole operative date. *346 the claim is still untimely. The disability provision of section 10, displacing the ordinary 90-day filing requirement, applies only in cases of recognized impediments, coincident in terms of inception and duration with the statutory period prescribed for filing claims against the State. Since there is no proof that the claimant was under a legal disability during the statutory period, she had only 90 days within which to file a notice of claim. Were the rule otherwise, claims asserted against the State for illegal detention would always gain the benefit of a two-year disability provision — a result obviously not contemplated by the statute.
Claimant, of course, is free, and, in fact, has moved to file a late notice of claim. The criteria which guide the motion court in its exercise of discretion are detailed under section 10 (subd. 5) of the Court of Claims Act and should be granted only upon a showing of “ reasonable excuse ” as that term has come to be defined. On the basis of this record, there is no reason to conclude that the Appellate Division abused its discretion in denying claimant’s motion. Undoubtedly, vestiges of prior impairment survive even release from convalescent care. Nevertheless, it is still incumbent upon the movant to establish, by evidentiary fact, some nexus between her prior debilitated state and her failure to comply with the filing requirements; and though serious physical injury or immobilization may be sufficient, the lack of sufficient strength or stamina clearly falls short of such a showing. The reasons advanced here for the delay evidence merely that claimant was not aware of the filing requirements and could not obtain counsel to aid in the prosecution of her claim. While one can sympathize with her plight, it cannot be said that the delay was justified (see Landry v. State of New York, 1 A D 2d 934, affd. 2 N Y 2d 927; cf. Davis v. State of New York, 28 A D 2d 609; 500 Eighth Ave. Assoc. v. State of New York, 30 A D 2d 1010).
In holding as it does, the majority ignores precedent and the clear intent of the statute. The order appealed from should be affirmed.
Chief Judge Full and Judges Burke, Jasen and Gibson concur with Judge Breitel ; Judge Scileppi dissents and votes to affirm in a separate opinion in which Judge Bergan concurs.
*347 Order reversed, with costs, and case remitted to the Court of Claims for further proceedings in accordance with the opinion herein.