■ In the Matter of Louis V. MAGGI, as Executor of AN-THONY MAGGI, Deceased, Respondent, v REGINA MAGGI Individually and as Trustee of the ANTHONY MAGGI CONSOLIDATED TRUST, Appellant.—In a proceeding pursuant to CPLR article 77 for the removal of a trustee, the termination of a trust, and for an accounting, the appeal is from (1) so much of an order of the Supreme Court, Kings County (Williams, J.), dated May 7, 1990, as denied the appellant's motion, *inter alia*, to dismiss the petition pursuant to CPLR 3211 (a) (7) and (2) so much of an order of the same court, dated July 24, 1990, as denied the appellant's motion (a) for leave to renew her prior motion to dismiss pursuant to CPLR 3211 (a) (7), and (b) to dismiss the petition pursuant to CPLR 3211 (a) (5).

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Although we agree with the appellant's contention that the instant proceeding is beyond the scope of CPLR article 77 *(see, Gregory v Wilkes,* 26 Misc 2d 641, 642; *see also, Matter of Reilly,* 17 Misc 2d 1077, *affd* 3 AD2d 1001), we reject her argument that as a result, the proceeding must be dismissed. Where a court has obtained jurisdiction over the parties, a civil judicial proceeding ought not to be dismissed solely because it is not brought in the proper form, but the court should make whatever order is required for its proper prosecution *(see,* CPLR 103 [c]; *see also, Matter of O'Shea,* 28 AD2d 977; *Matter of Phalen v Theatrical Protective Union No. 1.,* 22 NY2d 34; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 23 NY2d 801).

We find unpersuasive the appellant's contention that the pleading deficiencies of the petition require its dismissal. The allegations set forth in the petition adequately established the existence of a cause of action to recover damages for fraud *(see, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692, 698; *Cowee v Cornell,* 75 NY 91, 99-100; *Matter of Paul,* 105 AD2d 928; *see also, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187).

The appellants' remaining contentions are without merit. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.