■ EINAR HOLM, Appellant, v ITHACA COLLEGE, Respondent. [682 NYS2d 295] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered February 9, 1998 in Tompkins County, which granted defendant's motion for summary judgment dismissing the amended complaint.

Plaintiff commenced his employment with defendant in 1968

as a professor of music, specializing in the cello, and was granted tenure in 1973. In 1978, he was reprimanded for treating students in an abrasive and humiliating manner. In 1986, plaintiff was again reprimanded for his conduct toward students, specifically regarding complaints of sexual harassment in the form of "sexual innuendo, commentary and sexually oriented questions of students related both to classroom activities and to their personal lives". He was warned that he would be terminated if such conduct persisted.

In May 1992, three female students filed formal complaints against plaintiff alleging, *inter alia*, that he engaged in sexual harassment through the use of sexual discussion and innuendo in the classroom. Following investigation of the complaints by defendant's affirmative action officer and plaintiff's admission to using certain sexually explicit terminology in the classroom, defendant's Provost determined that plaintiff had created an intimidating environment having an adverse effect on the students which violated its sexual harassment policy. As a result, plaintiff was instructed to take remedial action including the cessation of any further sexually explicit remarks. The Provost further informed plaintiff, by memorandum dated November 13, 1992, that he would be subject to an ongoing assessment, which would include periodic unannounced classroom visits by the Dean of the School of Music in order to monitor his performance, and that failure to comply with the required actions would result in his termination. Plaintiff sought review by the Discrimination Complaint Review Committee which agreed with the Provost's findings.

Plaintiff's performance was monitored during the spring 1993 semester. As a result of observations made by the Dean and evaluations received from certain students, plaintiff was informed in May 1993 that his continued use of sexual innuendo and sexual allusion in his class presentations was not in compliance with the remedial plan. Upon the recommendation of the Provost, plaintiff was discharged on August 17, 1993.

In April 1995, plaintiff commenced this action alleging various claims, including a cause of action for breach of contract. Following the dismissal of the complaint against the individual officers of defendant, plaintiff served an amended complaint. Defendant made a motion for summary judgment dismissing the amended complaint which was granted by Supreme Court, and plaintiff appeals.

Plaintiff challenges only the dismissal of his breach of contract claim. The thrust of that claim is that defendant terminated plaintiff's employment "without cause or without

following the procedural dictates of the [Faculty] Handbook". In regard to the latter allegation, plaintiff contends that defendant failed to issue a warning letter and failed to provide him with a "First Committee" review of the warning prior to dismissal. We note that, in "university cases" involving the employment relationship between the faculty and college administration, the proper vehicle for challenging compliance with procedures set forth in an employee handbook is through a CPLR article 78 proceeding (see, Klinge v Ithaca Coll., 244 AD2d 611, 613). Inasmuch as plaintiff failed to avail himself of this remedy, Supreme Court properly dismissed that part of the breach of contract claim premised upon defendant's alleged failure to follow applicable procedures.

Likewise, to the extent plaintiff asserts that defendant breached the contract by discharging him without cause, we conclude that summary judgment was properly granted. The formal complaints lodged against plaintiff contain detailed accounts of sexually oriented statements made by plaintiff toward female students which caused them to be embarrassed, humiliated and intimidated. Among the numerous suggestive comments attributed to plaintiff were statements wherein he told a female student that she "needed to learn how to make love to her cello", asked another female student "have you ever made love back to back?" and instructed her to "play this passage like a negligee", commenting, "You should wear one some day. The material is so soft and allows you to see the sensual beauty underneath." In addition, the Dean observed plaintiff, inter alia, make a statement to a female student that he "could be sitting on her end pin (implying a phallic symbol) and she wouldn't even know it" and instructed the class that, "Tuning is an intimate experience. You are doing it as if all your plumbing is exposed." Furthermore, many of the student evaluations received at the end of the semester substantiated plaintiff's continued use of sexually explicit language. Notably, plaintiff himself did not deny many of the statements alleged, but claimed that they were misinterpreted. In our view, defendant, proceeding in good faith, properly found that plaintiff's behavior was inappropriate and, therefore, good cause existed justifying his dismissal. Inasmuch as there exist no question of fact concerning good cause for the discharge, Supreme Court properly dismissed the amended complaint.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.