■ MICHAEL S. RISLEY, Appellant, v BERISH Y. RUBIN et al., Respondents. [708 NYS2d 377] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered September 3, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff's claims concerning breach of his employment contract by defendant university do not identify a specific contractual term that was breached, but rather implicate the type of academic and administrative decisions reviewable only in a timely-commenced proceeding pursuant to CPLR article 78 (*see, Maas v Cornell Univ.*, 94 NY2d 87, 92; *Gertler v Goodgold*, 107 AD2d 481, 485-487, *affd* 66 NY2d 946). For the same reason, plaintiff's cause of action for tortious interference with the subject employment contract by defendant Rubin, the chair-

man of his department, and the cause of action asserted by plaintiff as an intended beneficiary under Rubin's contract with the university were properly dismissed. In addition, plaintiff has failed to demonstrate that he would have received some prospective economic advantage "but for" Rubin's interference, and, thus, his third cause of action, denominated one for tortious interference with "career advancement," was properly dismissed (*see, American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 418-419; *Mandelblatt v Devon Stores*, 132 AD2d 162, 169). There is no indication of special damage, necessary to support the claim for prima facie tort (*see, Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143).

Contrary to plaintiff's argument, the mere fact that Rubin was plaintiff's departmental chairman at the university did not give rise to a fiduciary relationship between Rubin and plaintiff.

Finally, none of the alleged conduct or comments by Rubin was so extreme or outrageous as to be actionable under the tort of intentional infliction of emotional distress (*see, Owen v Leventritt*, 174 AD2d 471, *lv denied* 79 NY2d 751). Concur— Williams, J. P., Tom, Mazzarelli and Buckley, JJ.