*228 OPINION OF THE COURT
James E. Euken, J.
Plaintiff-petitioner commenced this CPLR article 78 proceeding and CPLR 3001 action shortly after receiving a letter from the Dean of Alfred University that he had been denied tenure. The letter also advised him that the 2000-2001 year would be his final year of employment at Alfred University. He seeks a judgment annulling his denial of tenure as illegal, arbitrary and capricious and directing Alfred University to grant him tenure or, in the alternative, for Alfred University to follow the recommendations of its own Faculty Council. He further asks the court to declare that Alfred University breached its contractual relationship with him and award plaintiff $800,000.
Defendant-respondent filed its verified answer including a statement of responsive facts requesting dismissal of the article 78 proceeding and the complaint seeking breach of contract. It then moved to dismiss the complaint in its entirety.
Plaintiff-petitioner filed a reply affirmation to the answer as part of a cross motion to compel defendant-respondent to produce the entire official record of the proceedings relative to the denial of tenure pursuant to CPLR 7804 (e) and for an order granting discovery requests pursuant to CPLR 408 and 3101 (a).
I
The court notes that there was no hearing involved and no transcript to review pursuant to CPLR 7804 (e). The procedure for obtaining tenure at Alfred University is set forth in the “Provisions of Faculty Appointment” section of the Alfred University “Handbook for Faculty, Administrative Staff and Technical Specialists” revised in 1986 (hereafter referred to as Handbook).
Dr. Sackman responded to an advertisement in the Chronicle of Higher Education by Alfred University seeking applicants for a tenure track in Instrumental Music and accepted a tenure-track position as Assistant Professor of Music in the College of Arts and Sciences in 1994. His position was reviewed on an annual basis and he was reappointed each year until his probationary period ended.
The Handbook sets forth the procedures and criteria for tenure consideration. It provides that initial appointment does not automatically lead to tenure; the status is achieved only after careful evaluation during the probationary period. Proven *229 teaching performance is listed as the prime criterion for tenure. Heavy weight is placed on scholarly activity. Other listed factors include advising of students, professional activity and participation in campus activities. The Handbook also details the steps leading to the final decision on tenure. The first step in the process of tenure review is an evaluation by the division chairperson which is sent to the Promotion and Tenure Committee. This evaluation is based on a report of activities filed by the candidate; student evaluations; classroom visitations and other means employed to keep up-to-date on the capabilities of the candidate. These criteria for tenure review are the same for annual reappointment. The chairperson, Professor Steven Crosby, filed his Faculty Evaluation Report on September 14, 1999, recommending against tenure.
Professor Crosby’s evaluation was based on student responses (written, verbal and course evaluations); music colleagues; colleagues from the Performing Arts Division; and his own observations including an observation of Dr. Sackman’s Fundamentals I class. Dr. Sackman did well on most of the tenure criteria but the evaluation indicated a weakness in teaching skills.
The Handbook provides that the “Promotion and Tenure” Committee composed of the Dean (nonvoting except to break a tie) and at least three faculty members meet with the division chairperson, and the Committee did so. Professor Crosby again recommended against tenure. The Promotion and Tenure Committee recommended to the Dean that tenure not be granted primarily due to Dr. Sackman’s lack of teaching abilities.
Dean Hall recommended against granting tenure to the Provost because Dr. Sackman did not meet the standards required of a tenured faculty member. Dr. Sackman requested a hearing before the Promotion and Tenure Committee as provided in the Handbook. However, the Committee, after hearing from Dr. Sackman and meeting with faculty members at his request, advised Dean Hall that they could not enthusiastically endorse his request for tenure. Dean Hall then advised Provost Ott that he stood behind his original decision not to recommend tenure. Dean Hall advised Dr. Sackman that the Promotion and Tenure Committee upheld their original nonreappointment decision and advised him of his right to appeal as outlined in the Handbook.
Dr. Sackman requested a review hearing by the Faculty Council of the Promotion and Tenure Committee’s recommendation against tenure. The seven faculty members reviewed *230 the adequacy of the consideration by the Promotion and Tenure Committee in arriving at its recommendation. Adequate consideration refers to procedural rather than substantive rules. The Faculty Council concluded that Dr. Sackman had procedural grounds for an appeal of the tenure decision made by the Promotion and Tenure Committee. The Faculty Council found that the division chairperson visited Dr. Sackman’s classes only once and never observed the teaching of two ensembles, the teaching that makes up two thirds of his teaching load. The Faculty Council was also concerned about the lack of access by Dr. Sackman to some of the information in his file. Finally, the Faculty Council expressed concern about a potential conflict of interest for the chairperson.
The Faculty Council returned the matter to the Promotion and Tenure Committee for further review pursuant to the Handbook. The Promotion and Tenure Committee reviewed the Faculty Council’s report and reconsidered the evidence in Dr. Sackman’s file and still found that his lack of demonstrated evidence of excellent teaching prohibited a recommendation of tenure. Dean Hall reviewed this decision and advised Provost Ott that he could not recommend that Dr. Sackman receive tenure. Provost Ott wrote President Coll that he did not recommend Dr. Sackman for tenure and the President denied tenure.
This court has limited authority to review a tenure decision made by Alfred University in accordance with its Handbook. It recognizes that the management of an educational institution rests on those with special skills and sensitivities (see, Matter of Gray v Canisius Coll., 76 AD2d 30). It should “only rarely assume academic oversight, except with the greatest caution and restraint, in such sensitive areas as faculty appointment, promotion, and tenure, especially in institutions of higher learning,” and “[i]n a professional or academic milieu subjective judgments necessarily have a proper and legitimate role” (Matter of Pace Coll. v Commission on Human Rights, 38 NY2d 28, 38).
The decision whether to grant tenure to Dr. Sackman is not, however, entirely beyond judicial scrutiny (see, Matter of Bennett v Wells Coll., 219 AD2d 352). Alfred University is required to follow its own rules in deciding whether to grant Dr. Sack-man’s tenure (see, Tedeschi v Wagner Coll., 49 NY2d 652). The court may not substitute its judgment for the judgment and discretion of Alfred University, but may determine whether Alfred University’s action in denying tenure to Dr. Sackman *231 violated the Handbook and was arbitrary and capricious. The issue is whether Alfred University complied with its own rules concerning Dr. Sackman’s tenure review and properly exercised its discretion in denying it (see, Matter of Gray v Canisius Coll., supra, at 36).
The record supports the position set forth in the Faculty Council’s report to the Promotion and Tenure Committee with respect to the inadequate evaluation of Dr. Sackman by Professor Crosby.
The Handbook provides that proven teaching performance is the prime criterion for tenure. It requires the chairperson to make an evaluation to the Promotion and Tenure Committee. This evaluation carries much weight as the chairperson meets with this committee and makes a recommendation to it. Professor Crosby failed to make observations of Dr. Sackman’s instruction as part of peer review as encouraged in the Division of Performing Arts Tenure/Faculty Evaluation Process. He only visited Dr. Sackman’s class once in the crucial sixth year when tenure was at stake even though he was aware of concerns about Dr. Sackman’s teaching ability. He failed to attend either of his two teaching ensembles which comprised two thirds of his teaching load.
The Handbook provides that the chairperson shall, through classroom visitations and other means, keep up-to-date on the capabilities of each member. Regardless of the information he received from students and colleagues the inadequate classroom visitation by the chairperson violated the school’s rule for an effective evaluation.
This recommendation of the Faculty Council was rejected by the Promotion and Tenure Committee who posed this question: “Can we make an intelligent, informed decision based on evidence of worthiness for tenure or are we unable to make such a decision due to imperfect adherence to procedures, at the divisional of P & T [Promotion and Tenure Committee] level?” A university must follow its own procedural rules.
The interpretation of an unambiguous provision in the Handbook is a function of the court (see, Chimart Assocs. v Paul, 66 NY2d 570; Teitelbaum Holdings v Gold, 48 NY2d 51). This court cannot rewrite the Handbook by providing that no classroom visitation or only one classroom visitation is sufficient for an evaluation (see, Lui v Park Ridge at Terryville Assn., 196 AD2d 579). Alfred University drew up the Handbook that governs the parties in this matter. It is long settled that the language must therefore be construed most strongly *232 against it (see, Jacobson v Sassower, 66 NY2d 991). Classroom visitations mean two or more. This court cannot change a plural requirement into a single one.
Alfred University violated its own tenure policy in an arbitrary and capricious manner by making an evaluation of Dr. Sackman which included only one classroom visit by the chairperson. This requires the court to grant a de novo tenure review to Dr. Sackman.
II
Plaintiff-petitioner alleges that Alfred University’s failure to grant tenure to Dr. Sackman constituted a breach of its contractual relationship with him. He seeks damages in the amount of $800,000 for this breach. He contends that Alfred University’s Handbook created a contractual relationship with him. The facts pleaded in the CPLR 3001 action must be taken as true and given every favorable inference for the purpose of deciding defendant-respondent’s motion to dismiss. However, legal conclusions as well as factual claims flatly contradicted by documentary evidence do not merit such consideration (see, Gertler v Goodgold, 107 AD2d 481, affd for reasons stated below 66 NY2d 946).
This court has limited authority with regard to tenure decisions. As noted above, it should rarely assume academic oversight in such a sensitive area in a university. Subjective decisions in the realm of academia necessarily have a proper role. The utmost restraint should be exercised in applying traditional rules to disputes within the academic community (see, Matter of Olsson v Board of Higher Educ., 49 NY2d 408). The institutions are “peculiarly capable of making the decisions which are appropriate and necessary to their continued existence” (Gertler v Goodgold, supra, at 485).
In Holm v Ithaca Coll. (256 AD2d 986, lv denied 93 NY2d 804), the Appellate Division, Third Department, affirmed the dismissal of a plenary action based on alleged failure to comply with the college handbook. In Maas v Cornell Univ. (94 NY2d 87), the Court of Appeals held that the University Campus Code was not deemed to be part of the employment contract.
Dr. Sackman has failed to plead a cognizable breach of contract action. The Handbook recites tenure considerations, principles and policies. It sets forth criteria for tenure. It does not refer to a contractual basis to obtain tenure. Dr. Sackman was offered and accepted a tenure-track appointment. Tenure was not part of the agreement.
*233 This court has decided that Alfred University did not follow its own rules in evaluating Dr. Sackman. However, this does not form the basis for a breach of contract action against Alfred University for its failure to grant him tenure (see, Roklina v Skidmore Coll., 268 AD2d 765).
In view of this disposition it is not necessary to reach the contentions set forth in defendant-respondent’s cross motion with respect to discovery requests.
Accordingly, plaintiff-petitioner’s CPLR article 78 petition is granted to the extent that Alfred University is directed to give Dr. Sackman a de novo tenure review; and the motion by defendant-respondent to dismiss the first cause of action sounding in breach of contract is granted.