■ LAWRENCE WANDER et al., Respondents, v ST. JOHN'S UNIVERSITY et al., Appellants. [953 NYS2d 68]—

The plaintiffs, Lawrence Wander and John Manna, were tenured professors at St. John's University's business school. They commenced this action in September 2007 to recover damages for discrimination on the basis of age in violation of the New York State Human Rights Law (Executive Law § 296) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107 *et seq*). The complaint also set forth a cause of action to recover damages for breach of contract.

Specifically, the complaint alleged that the defendants engaged in a variety of practices which resulted in systematic discrimination against older employees and that, through these practices, the plaintiffs were discriminated against on the basis of their ages. The complaint further alleged that when the plaintiffs objected to these discriminatory practices, the defendants took adverse employment actions against them. The complaint alleged that the defendants' actions violated the New York State Human Rights Law and the New York City Human Rights Law. The complaint also alleged that the defendants breached their contract with the plaintiffs by failing to follow the rules and procedures adopted by the defendants to govern the tenure of its faculty.

After considerable discovery was conducted, the defendants, in January 2011, moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The defendants asserted, inter alia, that the allegedly discriminatory practices and allegedly adverse employment actions constituted "academic" determinations and, therefore, that they could only be challenged in a CPLR article 78 proceeding rather than a plenary action. The Supreme Court denied the defendants' motion. The defendants appeal and we affirm.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Norment v Interfaith Ctr. of N.Y*, 98 AD3d 955 [2012]).

Contrary to the defendants' contention, the complaint states valid causes of action to recover damages for violations of the New York State Human Rights Law and the New York City Human Rights Law. While it is true that "administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters" (*Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *see Frankel v Yeshiva Univ.*, 37 AD3d 760 [2007]; *Demas v Levitsky*, 291 AD2d 653, 660 [2002]; *Gertler v Goodgold*, 107 AD2d 481, 485 [1985], *affd* 66 NY2d 946 [1985]), the fact that an employer is an educational institution does not permit it to discriminate against its employees on the basis of age, or otherwise insulate it from liability for violations of the New York State Human Rights Law or the New York City Human Rights Law. Since the causes of action to recover damages for violations of the New York State Human Rights Law and the New York City Human Rights Law relate to nonacademic matters, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss those causes of action pursuant to CPLR 3211 (a) (7) (*see Eidlisz v New York Univ.*, 15 NY3d 730, 731-732 [2010]; *Fils-Aime v Ryder TRS, Inc.*, 40 AD3d 914, 915 [2007]).

As for the breach of contract cause of action, the plaintiffs failed to specify a contractual basis for the allegation that the defendants failed to follow its internal rules and procedures during the disciplinary process (*see Shields v School of Law of Hofstra Univ.*, 77 AD2d 867, 868 [1980]). Since the plaintiffs' cause of action to recover damages for breach of contract only alleges violations of the defendants' internal rules and procedures, to the extent that they do not form a basis for the discrimination causes of action, the plaintiffs are only entitled to CPLR article 78 review (*see Maas v Cornell Univ.*, 94 NY2d at 92; *Risley v Rubin*, 272 AD2d 198 [2000]; *Holm v Ithaca Coll.*, 256 AD2d 986, 988 [1998]; *Gertler v Goodgold*, 107 AD2d at 484, 487). However, contrary to the defendants' contention, the plaintiffs' cause of action to recover damages for breach of

contract should not be dismissed solely because it was not brought in the proper form (*see* CPLR 103 [c]; *Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d 752 [2008]; *Matter of Maggi v Maggi*, 187 AD2d 722 [1992]). "[G]enerally, where an action or proceeding is brought in the wrong form or under an inappropriate statute, the court, in its discretion, may deem it brought in a proper fashion, thus avoiding a dismissal" (*Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d at 755, quoting *Matter of Schmidt [Magnetic Head Corp.]*, 97 AD2d 244, 250 [1983]). In light of, inter alia, the fact that the plaintiffs commenced this action within four months of the discontinuation of their salaries (*see Gary v New York Univ.*, 48 AD3d 235, 236 [2008]), we convert the cause of action alleging breach of contract to a proceeding pursuant to CPLR article 78 (*see* CPLR 103 [c]; *Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d at 755; *Melvin v Union Coll.*, 195 AD2d 447 [1993]; *cf. Awan v City of New York*, 92 AD3d 406 [2012]). Accordingly, that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract was properly denied, but for reasons different from those relied upon by the Supreme Court (*see Matter of Perrin v Bayville Vil. Bd.*, 70 AD3d 835 [2010]; *Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d at 755; *Matter of Maggi v Maggi*, 187 AD2d at 722). Dickerson, J.P., Belen, Chambers and Miller, JJ., concur.