by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUZ ARIAS, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on May 10, 1989, convicting defendant upon a plea of guilty of criminal sale of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of five years to life, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with her plea bargain and within statutory guidelines. "Having received the benefit of [her] bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.

■ GERALD ARANOFF, Appellant, v FORDHAM UNIVERSITY, Respondent.—Order and Judgment (one paper), Supreme Court, New York County (Alan Saks, J.), entered on or about September 24, 1990, which granted Fordham University's motion to dismiss the CPLR article 78 petition as untimely pursuant to CPLR 217, and for failure to state a cause of action under CPLR 3211 (a) (7) and 7804 (f), unanimously affirmed, without costs.

Petitioner commenced this article 78 proceeding in March, 1990, challenging the respondent University's January, 1984 determination to terminate him from its Economics Doctoral Program on the grounds that the academic "grading" of his thesis by his dissertation committee was arbitrary and capricious. Specifically, petitioner alleges the committee, in evaluating his work, misconstrued his contentions and was improperly influenced by the personal economic views of one of its faculty members.

Contrary to petitioner's argument, the petition is untimely since it was commenced more than four months after the University's final and binding January, 1984 determination, ending petitioner's matriculation at the University as a doctoral student *(see, Matter of Edmead v McGuire,* 67 NY2d

714). Petitioner's subsequent correspondence with the University and his formal attempts to regain admission to the Doctoral Program, in 1985, 1988 and 1989, did not toll or recommence the statutory period *(see, Matter of De Milio v Borghard,* 55 NY2d 216).

To the extent petitioner argues that a six year statute of limitations applies due to a purported oral agreement with the University, allegedly permitting him to seek readmission upon certain conditions, the record is devoid of any evidence substantiating this claim. Nor do we find persuasive petitioner's contention that the University's written handbook of policies and procedures required the University to conduct a substantive review of petitioner's work which was submitted on his application for readmission. The written University policies referred to by the petitioner state merely that a disenrolled student may reapply for admission through the Department Chair/Program Director and with the necessary approval of the Dean. We do not view such language as conferring an absolute right upon the disenrolled student to have the merits of his application considered simply upon his or her request.

Finally, the petition fails to state a cause of action insofar as it challenges the University's academic "grading" of petitioner's dissertation work as arbitrary and capricious *(see, Matter of Susan M. v New York Law School,* 76 NY2d 241). Concur—Milonas, J. P., Ross, Asch and Kassal, JJ.