■ COFFEE TRADE SERVICES, INC., et al., Respondents, v CONTITRADE SERVICES CORPORATION et al., Appellants. [596 NYS2d 427] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 22, 1993, which denied defendants' cross motion for an order of seizure pursuant to CPLR 7102, unanimously affirmed, with costs.

The IAS Court properly denied defendants' motion for an order of seizure based on the corporate plaintiff's alleged default in payment under a security agreement, plaintiffs having submitted evidence to refute such indebtedness (CPLR 7102 [c]). Defendants also fail to make a sufficient showing of either likelihood of success on the merits or irreparable harm to warrant the injunctive relief they seek in the alternative. Concur—Ellerin, J. P., Ross, Asch, Kassal and Rubin, JJ.

■ DAVID L. SILVERMAN, Appellant, v NEW YORK UNIVERSITY SCHOOL OF LAW et al., Respondents. [597 NYS2d 314] — Order, Supreme Court, New York County (Peter Tom, J., upon decision of Francis Pecora, J.), entered April 2, 1992, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff fails to state a cause of action for intentional infliction of emotional distress, since the destruction of his exam, even if motivated by animus toward him, was not so outrageous as to go beyond all possible bounds of decency *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303), and also fails to state a cause of action for breach of contract, since his allegations that defendants violated certain provisions of the Student Handbook are flatly contradicted by the Handbook itself *(see, Roberts v Pollack,* 92 AD2d 440, 444).

We agree with the IAS Court that plaintiff's grievance is judicially redressable, if at all *(see, Matter of Susan M. v New York Law School,* 76 NY2d 241), only in a CPLR article 78 proceeding, but that conversion to such a proceeding is not warranted since plaintiff failed to exhaust his administrative remedies and is now barred from seeking judicial review by the four-month Statute of Limitations *(see, Gertler v Goodgold,* 107 AD2d 481, 487, 489, *affd for reasons stated in opn of Sullivan, J.,* 66 NY2d 946). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.