■ CONSTANCE L. BENSON, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Respondents. [626 NYS2d 495] —Judgment (denominated an order), Supreme Court, New York County (Robert Lippmann, J.), entered on or about February 7, 1994, which denied petitioner's application seeking an order remanding the vote of the dissertation committee to the Dean of Columbia University for a new determination by him, or in the alternative, ordering a second oral defense with a committee composed of five members, unanimously affirmed, without costs.

Petitioner commenced this CPLR article 78 proceeding to challenge the respondent University's determination that she had failed her final examination of its Doctoral Program, the oral defense of her thesis. She argued that the grading by her dissertation defense committee was arbitrary and capricious in that the committee was improperly composed, having six members rather than the customary five and was not approved by the Dean, and that several members of her committee were biased against her thesis and had unfairly infected the other examiners' opinions.

Judicial review of the determinations of educational institutions regarding the academic performance of their students is limited to the questions of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or in violation of the Constitution or statute *(Matter of Susan M. v New York Law School,* 76 NY2d 241, 247; *see also, Tedeschi v Wagner Coll.,* 49 NY2d 652, 658). Thus, to the extent that petitioner's allegations attack the substantive evaluation of her academic performance, they are beyond judicial review *(Lowinger v Touro Coll.,* 202 AD2d 298).

Petitioner fails to state a cause of action for breach of contract, since her allegations that respondents violated certain provisions of the Ph.D. guidelines are contradicted by the guidelines themselves *(Silverman v New York Univ. School of Law,* 193 AD2d 411, *lv denied* 82 NY2d 658). Nor do respondents' policy and procedures offend Constitutional notions of due process. Petitioner has had, and availed herself of, ample opportunities to present her case *(Lowinger v Touro Coll., supra).*

In any event, contrary to petitioner's contention, the petition is untimely since it was commenced more than four months after the University's final and binding determination

*(Aranoff v Fordham Univ.,* 171 AD2d 434). Petitioner's subsequent correspondence with various University administrators who were powerless to intervene in the matter did not toll or recommence the statutory period *(see, supra).* We have considered plaintiff's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.