■ In the Matter of ROLAND McDERMOTT, Appellant, v NEW YORK MEDICAL COLLEGE et al., Respondents. [644 NYS2d 834] —Mikoll, J. P.

Supreme Court dismissed petitioner's petition upon a finding that respondent Susan A. Kline dismissed petitioner for repeated academic failures and pursuant to an agreement between the parties that petitioner must pass step I of the United States Medical Licensing Examination (hereinafter USMLE) on his first attempt or withdraw from respondent New York Medical College. Supreme Court rejected petitioner's contention, raised for the first time in this proceeding, that no such agreement existed. Relying on *Matter of Olsson v Board of Higher Educ.* (49 NY2d 408) the court dismissed the proceeding holding, in effect, that the decision of professional educators shall not be intruded upon by the court when their decisions are not arbitrary or irrational.

We affirm. The record discloses that although petitioner had attended the Medical College for four years he had not yet completed the second year curriculum and, in fact, he failed to pass the only course he was taking in the 1992-1993 academic year. The Second Year Committee on Promotions thereupon recommended his dismissal and affirmed such recommendation upon petitioner's appeal to them. Petitioner then appealed to the Ad Hoc Faculty Committee to reverse the determination to dismiss petitioner, whereupon the proposal at issue herein was reached between the parties. During the period when petitioner was to fulfill the terms of the agreement and to complete educational requirements, petitioner was placed on a leave of absence from the Medical College. While still on leave, he at-

tempted to participate in the internal medicine clinical rotation program at Stamford Hospital, a part of third-year studies, but entry was denied him.

On November 4, 1994 petitioner commenced the first of two CPLR article 78 proceedings alleging that respondents wrongfully prevented him from participation in the internal medicine clinical rotation program in Stamford Hospital. The first proceeding was dismissed on November 10, 1994. It was held that petitioner had been permitted to remain at the Medical College conditionally, pursuant to the agreement entered into by him, and that participation in the internal medicine clinical rotation program was conditioned on his passing step I of the USMLE. Supreme Court ruled that in view of the fact that he had not yet passed the USMLE, the CPLR article 78 proceeding was premature. Petitioner did not appeal from the dismissal of said proceeding.

On November 1, 1994 respondents were advised that petitioner failed step I of the USMLE. Petitioner was advised by Kline to submit his withdrawal from the Medical College by November 15, 1994 pursuant to the agreement. Having failed to do so, he was dismissed by Kline. The instant CPLR article 78 proceeding ensued.

In speaking to the issue before us, the Court of Appeals has said that "[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance" (*Matter of Susan M. v New York Law School*, 76 NY2d 241, 245). We consequently decline to intervene when a private university expels a student in the exercise of its discretion absent any arbitrary behavior on its part.

Petitioner failed to demonstrate that the challenged determination was arbitrary or capricious or in violation of the Medical College's rules and regulations. We reject, as well, petitioner's belated contention that his admission to the third-year program was not conditioned on his successful passing of step I of the USMLE. Petitioner failed to appeal the prior CPLR article 78 proceeding which was dismissed as premature based on the failure of petitioner to have yet passed the USMLE. This issue having been once resolved and petitioner having had an opportunity to challenge the ruling, he is now collaterally estopped from raising it anew (*see, Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276-277, *cert denied* 488 US 1005).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.