705 So.2d 1042 (1998)
Richard MONTALVO, Appellant,
v.
UNIVERSITY OF MIAMI, a Florida not-for-profit corporation, Vendulka Kubalkova, individually, Bruce Bagley, individually, and Ambler H. Moss, Jr., individually, Appellees.
No. 97-491.
District Court of Appeal of Florida, Third District.
February 11, 1998.
*1043 David T. Azrin and Dionne A. Wilson, Miami, for appellant.
Akerman, Senterfitt & Eidson and Laura Thomas Rivero, Miami, for appellees.
Before NESBITT, GERSTEN and FLETCHER, JJ.
NESBITT, Judge.
Richard Montalvo, a doctoral candidate in the Graduate School of International Studies at the University of Miami, failed by a unanimous vote, a comprehensive oral examination administered by an examining committee. Following the committee's decision, Montalvo was immediately notified of his failure and given cogent reasons for the committee's determination. He was formally advised he could retake the examination after the lapse of one year. Any reconstituted examining committee would have consisted of five professors, two of whom Montalvo would have been privileged to select, even from other institutions not connected with the university. Instead of exhausting this procedure, Montalvo filed an action seeking money damages. The trial court entered summary judgment in favor of the appellees.
Montalvo attempts to justify his failure to exhaust administrative remedies by arguing that his failure was due to bias and animosity directed toward him. He notes that earlier in his instruction there had been some confusion and disagreement within the faculty over the composition of his dissertation committee. However, Montalvo points to no direct evidence demonstrating any breach of fiduciary duty toward him. In fact, he admitted in deposition that he had no knowledge or basis to assert he failed the exam because of what he alleged to be an "internal war" within the Graduate School of International Studies. Consequently, there is nothing to support Montalvo's claims other than his subjective opinion that he did not deserve the failing grade he was given. See Benson v. Trustees of Columbia University, 215 A.D.2d 255, 626 N.Y.S.2d 495 (1995) (holding judicial review of determinations of educational institutions regarding academic performance of their students is limited to questions of whether challenged determination was arbitrary and capricious, irrational, made in bad faith, or in violation of Constitution or statute).
Affirmed.