■ KENAN S. BALDRIDGE, Appellant, v STATE OF NEW YORK et al., Respondents. [740 NYS2d 723] —Lahtinen, J. Appeal from an order of the Court of Claims (Sise, J.), entered July 12, 2001, which, inter alia, granted defendants' motion for summary judgment and dismissed the claim.

Claimant was enrolled in the doctoral program in Public Administration at the Nelson A. Rockefeller College of Public Affairs and Policy at defendant State University of New York at Albany (hereinafter the University). He was provided a handbook from the University which set forth the doctoral program policies. Pursuant to the handbook's requirements, claimant formulated a course of study which was approved by his academic committee of three professors. Claimant failed his comprehensive examinations in his major field in the spring of 1991 and in his minor field in January 1992, but was permit-

---

ted to continue in the doctoral program. Subsequently, claimant changed his principal faculty advisor to Ron Red Owl and changed his minor field of study. During this period, claimant received letters from the University expressing concern regarding his academic progress and his timely completion of the program requirements.

In 1996, Red Owl left the University for a new job at Long Island University and claimant was appointed a new faculty advisor of record, Norma Riccucci. Claimant requested and received permission from the University to have Red Owl continue as his principal faculty advisor. In October 1996, claimant passed his comprehensive examination in his minor field, but in September 1997, he failed the comprehensive examination in his major field and was dismissed from the doctoral program. His administrative appeals for reinstatement in accordance with the procedures set forth in the handbook were unsuccessful.

In June 2000, claimant timely commenced this action in the Court of Claims against defendant State of New York, defendant Board of Regents and the University, alleging that defendants had breached express and implied contracts with him by failing to provide him with the academic services to which he was entitled. Claimant sought a refund of his tuition and related expenses and consequential damages, or alternatively, rescission of the contract and restitution. After issue was joined, defendants moved for, inter alia, summary judgment. Claimant cross-moved for leave to file an amended claim adding causes of action sounding in estoppel and breach of fiduciary duty. The Court of Claims granted defendants' motion for summary judgment and denied claimant's cross motion.[1] Claimant now appeals and we affirm.

While New York does not recognize a cause of action for "educational malpractice" (*Donohue v Copiague Union Free School Dist.*, 47 NY2d 440, 440; *see, Hoffman v Board of Educ. of City of N.Y.*, 49 NY2d 121), our courts have acknowledged that "[w]hen a student is admitted to a university, an implied contract arises between the parties which states that if the student complies with the terms prescribed by the university, he will obtain the degree he seeks" (*Vought v Teachers Coll., Columbia Univ.*, 127 AD2d 654, 654-655; *see, Prusack v State of New York*, 117 AD2d 729, 730; *Matter of Carr v St. John's*

---

1. Because the Court of Claims dismissed the claim, it did not address that portion of defendants' motion seeking dismissal of the claim against the Board of Regents and the University on the ground that they were improper parties.

*Univ.*, 17 AD2d 632, *affd* 12 NY2d 802). The rights and obligations of the parties to this contractual relationship flow from "the university's bulletins, circulars and regulations made available to the student, [which] become a part of this contract" (*Vought v Teachers Coll., Columbia Univ., supra* at 655). Therefore, while a school may be subject to a cause of action for breach of contract, this requires a contract which provides for "certain specified services" (*Paladino v Adelphi Univ.*, 89 AD2d 85, 92) as "courts have quite properly exercised the utmost restraint applying traditional legal rules to disputes within the academic community" (*Matter of Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 413).

Defendants' submissions in support of their motion for summary judgment, which included the affidavit of Riccucci, a copy of the Doctoral Program Manual and other business records of the University, clearly established that the University fulfilled its contractual obligations to claimant by providing him with a qualified on campus academic faculty advisor. We find nothing in the Doctoral Program Manual or in any of claimant's submissions in opposition to defendants' motion which raises any question of fact that defendants breached an obligation to provide a promised specific service to claimant. Claimant's assertions in support of his breach of contract claim reveal that he focuses on the manner in which his degree program was developed and implemented and the role played by his academic advisor in that academic exercise, which are the types of academic determinations in which courts have refused to intervene (*see, e.g., Torres v Little Flower Children's Servs.*, 64 NY2d 119, 123, *cert denied* 474 US 864; *see also, Sirohi v Lee*, 222 AD2d 222, *lv dismissed and denied* 88 NY2d 897).

We reject claimant's contentions that Red Owl was unavailable and Riccucci was not qualified to advise him. The University allowed claimant to continue with Red Owl as his advisor after Red Owl left the University, warning him that such an arrangement was not recommended and then allowing this unusual arrangement only after providing him with an on campus advisor. Moreover, there is certainly no merit to claimant's assertion that Riccucci was not qualified to act as his advisor. She was one of nine PhDs on the faculty of claimant's doctoral program, had several other advisees and there is no proof that claimant ever sought advisory help from her. Since the University fulfilled the only contractual obligation owed claimant by providing him with an academic advisor and claimant failed to establish by the requisite proof the existence of any other contractual obligation, express or implied,

which was breached by the University (*see, e.g., Benson v Trustees of Columbia Univ. in City of N.Y.*, 215 AD2d 255, *lv denied* 87 NY2d 808; *Silverman v New York Univ. School of Law*, 193 AD2d 411, *lv denied* 82 NY2d 658), defendants were properly awarded summary judgment dismissing the claim.

We also reject claimant's argument that the Court of Claims erred in not permitting him to amend his claim to assert causes of action sounding in estoppel and breach of a fiduciary duty.[2] Since claimant failed to establish that defendants "made a clear and unambiguous promise upon which [claimant] reasonably relied to his * * * detriment" or a "definite misrepresentation of fact," neither promissory estoppel nor equitable estoppel are applicable here (*Roufaiel v Ithaca Coll.*, 241 AD2d 865, 869).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** The order of the Court of Claims denying claimant's cross motion to amend his claim only discussed the proposed estoppel cause of action. However, that order necessarily encompassed the proposed breach of a fiduciary duty cause of action and, as claimant has not challenged that portion of the order in his brief, he has abandoned same (*see, OSJ, Inc. v Work*, 273 AD2d 721, 722 n 2).