■ OTTIS M. ALLIGOOD et al., Respondents, v COUNTY OF ERIE et al., Defendants-Appellants. [749 NYS2d 349] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered February 26, 2002, which denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs, former students enrolled in the biomedical technology program at defendant Erie Community College, commenced this action asserting causes of action for breach of contract, breach of fiduciary duty and fraudulent misrepresentation and seeking compensatory and punitive damages. Plaintiffs allege that defendants did not provide adequate instruction and did not teach the program in accordance with the printed syllabus. Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. The essence of both the breach of contract and breach of fiduciary duty causes of action is that plaintiffs are entitled to money damages because of defendants' educational

malpractice. There is, however, no cognizable cause of action in New York for educational malpractice (*see Hoffman v Board of Educ. of City of N.Y.*, 49 NY2d 121, 125; *Donohue v Copiague Union Free School Dist.*, 47 NY2d 440, 444). Defendants also are entitled to summary judgment dismissing the fraudulent misrepresentation cause of action. "[C]laims concerning misrepresentation as to the quality or comparative quality of the education * * * provided by [defendants] are not statements of fact capable of proof, but rather opinions which ought not provide a basis for the imposition of liability" (*Paladino v Adelphi Univ.*, 89 AD2d 85, 94). Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.