OPINION OF THE COURT
Daniel Palmieri, J.
Ordered that this motion by third-party defendant Cornell University (action No. 2, Jachowicz v VerMilyea, Index No. 2635/02) pursuant to CPLR 3211 (a) (1), (5) and (7) for an order dismissing the complaint prior to answer, or, in the alternative, for conversion of the action to a special proceeding pursuant to CPLR article 78 and, upon such conversion, dismissing the proceeding pursuant to CPLR 217 (1), 3211 (a) (5) and (7) and 7804 (f) is granted to the extent that the third cause of action sounding in breach of fiduciary duty is dismissed, and the motion is otherwise denied.
On this motion the court must decide whether a private university can be sued by one of its students for coverage under written policies that offer a defense and indemnification to those who serve as volunteers for the school. Under the circumstances present here, the court holds that it can.
This is an action for personal injuries in which the plaintiffs allege, among other things, that defendant Matthew VerMilyea was responsible for an August 2001 accident at the intersection of Hillside Avenue and Guinea Woods Road in Nassau County, New York, causing injury. As was discussed in prior orders made *681 by Justice Roberto,* which are now the law of the case (see, e.g., AIG Trading Corp. v Valero Gas Mktg., 254 AD2d 117 [1998]), VerMilyea was a Cornell student who had completed a summer job at a laboratory on Long Island, and was in the process of transporting certain laboratory equipment donated to Cornell by his summer employer back to the school when the accident occurred.
VerMilyea subsequently sued Cornell University and its excess insurance carrier, United Educators Insurance Risk Retention Group, Inc., in a third-party action when they refused to defend and indemnify for the claims made against him. The third-party complaint alleges four causes of action. This application by Cornell concerns the first three, which are directed to the University alone. They sound in breach of a duty to defend and indemnify, breach of contract, and breach of fiduciary duty. It should be noted at this juncture that by order dated September 6, 2005, Justice Roberto found that issues of fact existed as to an agency between VerMilyea and Cornell, and on that basis denied Cornell’s motion to dismiss all claims by plaintiffs made against it arising out of VerMilyea’s alleged negligence. However, he did not have before him the issues raised by the third-party action by VerMilyea himself against Cornell, and thus the September 6 order does not constitute the law of the case with respect to these present issues, except to the extent that certain factual findings were made that might apply thereto.
The instant motion is founded on documentary evidence, the statute of limitations, and failure to state a cause of action. The key question is whether Cornell can be bound to defend and indemnify VerMilyea under its own policies, or on its employee’s interactions with VerMilyea.
In his third-party complaint VerMilyea relies on a stated Cornell policy to provide indemnification to university volunteers. These are the written university volunteers and legal defense and indemnification policy statements (Roth affirmation, exhibits I, J). Insofar as is relevant here, the defense/ indemnification policy provides that Cornell will provide such coverage to unsalaried “volunteers” who are acting on Cornell’s behalf at the specific request of authorized Cornell officials, in accord with the volunteers policy. It should be noted that such volunteers need not be students. Both VerMilyea and Cornell *682 agree that these policies were available to all members of the Cornell community through Cornell’s Internet Web site.
However, before the court can evaluate Cornell’s contention that documentary evidence shows that VerMilyea was not eligible to be covered under its policy (and that the action is subject to dismissal pursuant to CPLR 3211 [a] [1]), it first must decide whether this defendant is correct in its assertion that under New York law such a policy does not confer on volunteers any rights that can ground a cognizable claim (CPLR 3211 [a] [7]). Cornell contends that an individual denied such coverage has no right to sue, but rather must proceed pursuant to CPLR article 78 to overturn what it contends is essentially an administrative determination. This court holds that VerMilyea has a right to pursue a plenary action under the Cornell policy.
A review of the policy demonstrates that it is framed much like any liability insurance policy; it identifies the persons covered, specifically excludes certain acts, and provides procedures to be followed by persons seeking such coverage. It also provides that it does not apply to any action or proceeding brought against an individual by Cornell itself. It thus is directed to protecting members of the university community from the claims of third parties, which, as in the present case, might have nothing to do with how the University conducts its own affairs. This distinguishes the present controversy from cases such as Maas v Cornell Univ. (94 NY2d 87 [1999]) and Matter of Olsson v Board of Higher Educ. of City of N.Y. (49 NY2d 408 [1980]), in which the Court of Appeals held that school staff and students did not enjoy contractual rights based on general institutional policies affecting such things as academic or employment matters, or academically-related discipline.
Further, and although the Court of Appeals in Maas certainly cautioned against a broad interpretation of its earlier holding, the Court had previously indicated that rcore-academic discipline involved legal concepts closer to the common law of associations, and therefore had held that where suspension or expulsion was involved, a student could sue an educational institution on a theory that it failed to follow its own stated procedures (see, Tedeschi v Wagner Coll., 49 NY2d 652 [1980]). The present case involves issues even more remote from the University’s internal academic and campus management affairs than Tedeschi.
*683 The student’s motivation to sue here has nothing at all to do with his studies, his degree or his life on campus, but rather stems from the possibility of a judgment against him by a third party, resulting from, a motor vehicle accident that took place nowhere near Cornell. Further, as a volunteer he occupies the same position as an alumnus, retired employee, or, literally, “anyone” so serving, as the paragraph of the policy entitled “Who May Volunteer” indicates (Roth affidavit, exhibit I, at 6). This further removes his situation from that of a student challenging some act affecting his future at the University.
Under these circumstances, this court holds that a plenary action for indemnification by VerMilyea against Cornell based on its stated policy to provide this to volunteers does not violate, and is not foreclosed under, existing New York law circumscribing claims by students against the educational institutions they attend. Accordingly, under the generous standards applicable to a motion to dismiss a complaint for failure to state a cause of action, the first two causes of action cannot be dismissed (CPLR 3211 [a] [7]; see generally, Leon v Martinez, 84 NY2d 83, 87 [1994]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). Relatedly, such an action would not be time-barred (see, CPLR 3211 [a] [5]), as a cause of action for indemnification does not accrue until payment to the plaintiff by the party seeking indemnity, and the statute of limitations period that runs from accrual is six years (McDermott v City of New York, 50 NY2d 211, 217 [1980]). No payment has yet been made by VerMilyea.
In view of this determination, the alternative relief sought, for conversion of the third-party action to an article 78 proceeding, is also denied.
The court must also reject Cornell’s other basis for dismissal of the complaint prior to answer, that documentary evidence establishes that VerMilyea was not a volunteer eligible for coverage under its policy. In order for Cornell to prevail on this preanswer motion to dismiss, the documentary evidence supplied must utterly refute the plaintiffs allegations and establish a defense as a matter of law (CPLR 3211 [a] [1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see also, 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Tougher Indus. v Northern Westchester Joint Water Works, 304 AD2d 822 [2003]).
That is not the case here. Justice Roberto’s decision and order dated September 6, 2005 was based, in part, on a showing that Cornell faculty had been in contact with VerMilyea, had *684 encouraged him and had provided direction with regard to transporting the donated equipment to Cornell. There also is no dispute that VerMilyea was not compensated for his efforts, other than for reimbursement of certain expenses. This constitutes a prima facie showing that he was a “volunteer” under the Cornell policy statement, as it defines such a person as one “who performs services for and directly related to the business of the university, without the expectation of compensation.” (Roth affidavit, exhibit I, at 4.)
Further, the third-party defendant’s claim that VerMilyea did not follow procedures under the policy is insufficient to grant dismissal pursuant to CPLR 3211 (a) (1) because the document itself does not “utterly refute” the third-party plaintiffs allegations that he was not in violation of any university regulations or policies. The document merely sets forth the policy, and is not itself proof that VerMilyea’s service was not undertaken in compliance therewith. Moreover, the language of the policy appears to place the burden of compliance on the Cornell staff wishing to utilize a volunteer. The only express responsibility placed on the volunteer him or herself is “to abide by university policies and external regulations that govern their actions, including but not limited to those of ethical behavior, confidentiality, financial responsibility, and drug use.” Finally, Cornell asserts that noncompliance with the policy is demonstrated by the undisputed fact that VerMilyea did not complete a written volunteer agreement, but the policy merely refers to travel as one of the volunteer’s activities that “generally” (but, by reasonable inference, not always) requires such a writing.
It also should be noted that the penultimate paragraph of the policy states that “ [i] ndemnification is provided to university volunteers in the same manner as is applicable to employees, that is: for acts or omissions arising within the scope of the volunteer’s performance of specifically authorized duties or assignments on behalf of the university.” This statement strongly indicates that a person’s status as a “volunteer,” and whether the subject act arose during the course of an authorized undertaking on Cornell’s behalf, are the critical factors for coverage under the policy — not whether a form had been filled out beforehand.
Accordingly, the first two claims asserted by VerMilyea cannot be dismissed at this juncture. However, the court agrees with Cornell that in general students cannot assert a claim sounding in breach of fiduciary duties, and under the facts alleged in the *685 complaint, no cause of action is stated under such a theory (cf., Baldridge v State of New York, 293 AD2d 941 [2002]; Demas v Levitsky, 291 AD2d 653 [2002]). Specifically, there is no factual allegation in the complaint, nor any offered by VerMilyea himself on this motion, supporting the existence of a confidential relationship with a particular individual, nor a breach thereof by such person to VerMilyea’s detriment. Mere conversations with members of Cornell’s in-house legal staff, standing alone, are insufficient, and are raised by VerMilyea’s attorney, not by VerMilyea himself.
Moreover, and as discussed above, for purposes of indemnification the fact that he was a volunteer is of greater importance than his status as a student. In that regard, there is absolutely no indication anywhere in the record that in engaging a person as a volunteer Cornell was entering into a confidential relationship that imposed fiduciary duties on the University, or on any member of its staff who had contact with the volunteer. Accordingly, the motion is granted with respect to the third cause of action.
The parties are reminded of the time for Cornell to serve an answer provided by CPLR 3211 (f).

 All four of these related cases, and pending motions, were reassigned to this court on January 3, 2006.