■ BETINA FILS-AIME, Plaintiff, v RYDER TRS, INC., Defendant, MATTHEW D. VERMILYEA, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. CORNELL UNIVERSITY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 1.) MAGDA JACHOWICZ et al., Plaintiffs, v MATTHEW D. VERMILYEA, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. CORNELL UNIVERSITY, Defendant and Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 2.) CRISTOFARO SCACCIA et al., Plaintiffs, v TEAM FLEET FINANCING CORP. et al., Defendants, and MATTHEW D. VERMILYEA, Defendant and Third-Party Plaintiff-Respondent. CORNELL UNIVERSITY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 3.) ERIC Y. DUNST, Plaintiff, v RYDER TRS, INC., Defendant, and MATTHEW D. VERMILYEA, Defendant and Third-Party Plaintiff-Respondent. CORNELL UNIVERSITY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 4.) [836 NYS2d 670]—

In four related actions to recover damages for personal injuries, and a third-party action, inter alia, for a judgment declaring that the third-party defendant Cornell University is obligated to defend and indemnify the defendant Matthew D. VerMilyea in the four related actions, the third-party defendant Cornell University appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 11, 2006, as denied those branches of its motion which were to dismiss the third-party complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1), (5), and (7) or, in the alternative, to convert the third-party action into a proceeding pursuant to CPLR article 78 and, upon conversion, to dismiss the proceeding insofar as asserted against it pursuant to CPLR 3211 (a) (1), (5), and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

While transporting laboratory equipment to the third-party defendant Cornell University (hereinafter Cornell), the defendant and third-party plaintiff Matthew D. VerMilyea was involved in an accident in which several individuals allegedly were injured. After the plaintiffs commenced these four actions to recover for their injuries against VerMilyea, among others, and these actions were ordered to be jointly tried, VerMilyea commenced a single third-party action against Cornell, seeking defense and indemnification pursuant to Cornell's liability insurance policy with United Educators Insurance Risk Retention Group, Inc. The Supreme Court denied those branches of Cornell's motion which were to dismiss the third-party action or, in the alternative, to convert the third-party action into a proceeding pursuant to CPLR article 78 and, upon conversion, to dismiss the proceeding. We affirm.

The Supreme Court correctly rejected Cornell's argument that the third-party action should have been commenced as a proceeding pursuant to CPLR article 78 and, upon conversion, should have been dismissed as time barred. Those appellate decisions which require that claims asserted against an educational institution by its students and faculty members must be commenced as a CPLR article 78 proceeding rest on the premise that courts exercise a limited role in disputes between such parties with respect to academic issues and related questions (*see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *Frankel v Yeshiva Univ.*, 37 AD3d 760, [2007] *Diehl v St. John Fisher Coll.*, 278 AD2d 816 [2000]; *Klinge v Ithaca Coll.*, 244 AD2d 611 [1997]; *see also Matter of Lusardi v State Univ. of N.Y. at Buffalo*, 284 AD2d 992 [2001]; *Matter of McDermott v New York Med. Coll.*,

228 AD2d 967 [1996]; *Aranoff v Fordham Univ.*, 171 AD2d 434 [1991]). Because Cornell's decision not to indemnify VerMilyea related to a nonacademic matter, VerMilyea properly and timely commenced a plenary third-party action against Cornell University seeking declaratory relief (*see* CPLR 213; *Tedeschi v Wagner Coll.*, 49 NY2d 652 [1980]).

VerMilyea's status as a student is also irrelevant to this dispute. Even though "[t]he relationship between a private institution of higher learning and its students is based upon an implied contract" (*Downey v Schneider*, 23 AD3d 514, 516 [2005]), that relationship does not, in and of itself, give rise to an obligation to indemnify VerMilyea under the liability insurance policy. Therefore, the existence of any implied contract between Cornell as an educational institution and VerMilyea as its student cannot be a basis for imposing an obligation on Cornell here.

This conclusion does not, however, entitle Cornell to dismissal of the third-party complaint. Cornell's internal academic and institutional Policy No. 6.5, referable to university volunteers (hereinafter Policy 6.5), defines a "university volunteer" as "[a]n individual who performs services for and directly related to the business of the university, without the expectation of compensation." Policy No. 6.5 thus applies to any Cornell volunteer, not merely student volunteers.

Policy 6.5 further provides that "[a] university volunteer is an agent of the university while performing assigned duties." Assuming the allegations of the complaint to be true, as we must in addressing this motion to dismiss (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 411 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), VerMilyea thus became Cornell's agent within the scope of Policy No. 6.5, when he offered to transport the laboratory equipment himself and Dr. Walter Butler, a Cornell professor who was VerMilyea's academic advisor, accepted that offer. "A principal is under a duty to indemnify an agent in accordance with the terms of the agreement with him" (Restatement [Second] of Agency § 438 [1]). The terms of the "agreement" relevant to this matter, which was defined in Policy No. 6.5, are that "[i]ndemnification is provided to university volunteers in the same manner as is applicable to employees, that is: for acts or omissions arising within the scope of the volunteer's performance of specifically authorized duties or assignments on behalf of the university." Again assuming the allegations of the complaint to be true, VerMilyea therefore is entitled to be indemnified by Cornell, as

its agent, for any liability incurred by him in acting within the scope of his agency in transporting the equipment. Accordingly, the Supreme Court properly denied that branch of Cornell's motion which was to dismiss the third-party complaint for failure to state a cause of action.

Cornell's remaining contentions are without merit. Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur. [*See* 11 Misc 3d 679 [2006].]