■ MICHAEL WESLEY HARRIS, Appellant, v THE UNION THEOLOGICAL SEMINARY IN CITY OF NEW YORK, Respondent. [4 NYS3d 512]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 12, 2013, which, inter alia, granted defendant's motion to dismiss the cause of action for a declaratory judgment as to plaintiff's rights under a housing agreement and related relief, unanimously affirmed, without costs. Order, same court and Justice, entered August 5, 2013, which, upon reargument, granted defendant's motion to dismiss the remaining claims, unanimously affirmed, without costs.

Plaintiff, a formerly tenured professor, seeks declaratory and injunctive relief against his former employer with respect to his rights to employment and faculty housing under three agreements entered into in December 1998. Plaintiff's right to occupy "Knox 4W," an on-campus apartment, was finally

determined by an order, same court (Lewis Bart Stone, J.), entered January 23, 2004, in a prior action brought by plaintiff against defendant. The court found that defendant's reassignment of plaintiff's faculty housing was not arbitrary and capricious and was rationally based upon duly adopted guidelines. Plaintiff is collaterally estopped from relitigating that issue (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

Plaintiff's challenge to the January 2006 termination of his employment should have been brought as a CPLR article 78 proceeding, which is governed by a four-month statute of limitations (*Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; CPLR 217 [1]). Conversion of this action to an article 78 proceeding is not warranted since plaintiff's challenge to the termination of his employment and revocation of his tenure is time-barred (*see* CPLR 103; *Gertler v Goodgold*, 107 AD2d 481, 487 [1st Dept 1985], *affd* 66 NY2d 946 [1985]). Plaintiff's post-termination communications with defendant did "not toll or recommence the statutory period" (*Benson v Trustees of Columbia Univ. in City of N.Y.*, 215 AD2d 255, 256 [1st Dept 1995], *lv denied* 87 NY2d 808 [1996]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Moskowitz, Richter and Kapnick, JJ.