# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

596
CA 14-01450
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

ROBERT GERRISH, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

STATE UNIVERSITY OF NEW YORK AT BUFFALO, ET AL.,
DEFENDANTS,
UB FOUNDATION SERVICES, INC., STEVEN R. GILL,
FRANK SCANNAPIECO AND MIRA EDGERTON,
DEFENDANTS-RESPONDENTS.

HOUSH LAW OFFICES, PLLC, BUFFALO (FRANK HOUSH OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS STEVEN R. GILL, FRANK SCANNAPIECO
AND MIRA EDGERTON.

HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT UB FOUNDATION SERVICES, INC.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 5, 2014. The order, among other things, granted the respective motions of defendants State University of New York at Buffalo, Steven R. Gill, Frank Scannapieco and Mira Edgerton and of defendants University at Buffalo, Foundation, Inc. and UB Foundation Services, Inc. to dismiss plaintiff's complaint against them without leave to replead.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a student who was terminated from a graduate program at defendant State University of New York at Buffalo (University), sued the University, three individual professors (University defendants) and three institutional foundations through which the professors were employed or through which their employment was administered, asserting claims for breach of contract in a single cause of action. Supreme Court properly granted the motions of the University defendants and defendants University at Buffalo, Foundation, Inc. and UB Foundation Services, Inc. (Foundation defendants) to dismiss the complaint against them.

Plaintiff contends that the court erred in granting the motions by assuming facts outside the record or, in the alternative, that the

court, upon granting the motions, erred in dismissing the complaint instead of granting his request for leave to replead.  We reject those contentions.  "In determining a CPLR 3211 motion, . . . the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one . . . The court may also consider affidavits and other evidentiary material to establish conclusively that plaintiff has no cause of action . . . Any facts in the complaint and submissions in opposition to the motion to dismiss are accepted as true" (*Mantione v Crazy Jakes, Inc.*, 101 AD3d 1719, 1720 [internal quotation marks omitted]).  " 'It is well settled that bare legal conclusions and factual claims [that] are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action' " (*Olszewski v Waters of Orchard Park*, 303 AD2d 995, 995).  We conclude that the court did not err in considering the decision and order of a court of coordinate jurisdiction determining that another professor was an employee of the University although a foundation at the University funded that professor's research.  We further conclude that the court did not err in considering a letter ruling by the State Department of Labor, submitted as an attachment to an affirmation in support of one of the motions, determining that the Foundation defendants did not employ professors even though an institutional foundation was the conduit for funds to pay the professors and others.

We agree with defendants that the complaint fails to state a cause of action for breach of contract against the moving defendants, with the exception of the University.  With respect to the Foundation defendants, we conclude that plaintiff failed to allege a contract with them or that they breached it.  With respect to the individual professors, we conclude that the claim for breach of contract against them sounds in educational malpractice, which is not a cognizable cause of action in New York (*see Alligood v County of Erie*, 299 AD2d 840, 840-841).  With respect to the University, although there is an implied contract between a student and the educational institution to which the student is admitted (*see Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d 632, 633, *affd* 12 NY2d 802; *Prusack v State of New York*, 117 AD2d 729, 730), plaintiff seeks damages against a subsidiary of the State of New York, and thus his claim for breach of contract against the University is properly brought in the Court of Claims.  The court therefore properly granted that part of the motion of the University defendants to dismiss the complaint against the University for lack of jurisdiction (*see Sinhogar v Parry*, 53 NY2d 424, 431; *see e.g. Baldridge v State of New York*, 293 AD2d 941, 942, *lv denied* 98 NY2d 608).

Finally, we conclude that the court properly denied plaintiff's request for leave to replead.  The court lacked jurisdiction over the breach of contract claim against the University, the claim for breach of contract asserted against the other moving defendants lacked merit, and plaintiff submitted no proposed amendments to correct the pleading deficiencies (*cf. Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 27-28).

Frances E. Cafarell
Clerk of the Court