# Third District Court of Appeal

## State of Florida

Opinion filed August 20, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2328
Lower Tribunal No. 23-18161-CA-01
_____


**Emilio Perez,**
Appellant,

vs.

**University of Miami,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Emilio Perez, in proper person.

Isicoff Ragatz and Eric D. Isicoff and Teresa Ragatz and Catherine A. Mancing, for appellee.


Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Dist. Bd. of Trs. of Broward Cmty. Coll. v. Caldwell, 959

So. 2d 767, 770 (Fla. 4th DCA 2007) ("As a general rule, one seeking judicial review of administrative action must first exhaust such administrative remedies as are available and adequate to afford the relief sought.  A reviewing court may not entertain a suit when the complaining party has not exhausted available administrative remedies." (quoting Fla. High Sch. Athletic Ass'n v. Melbourne Cent. Cath. High Sch., 867 So. 2d 1281, 1286 (Fla. 5th DCA 2004))); Montalvo v. Univ. of Miami, 705 So. 2d 1042, 1043 (Fla. 3d DCA 1998) (holding that student's failure to exhaust available internal academic remedies bars judicial review absent showing that such remedies would be futile due to bad faith, bias, or legal violations); Raffay v. Longwood House Condo. Ass'n, Inc., 389 So. 3d 589, 592 (Fla. 3d DCA 2023) ("The limitations period for '[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument' is five years." (quoting § 95.11(2)(b), Fla. Stat. (2023))); Mendoza v. V.A. Crudele Dredging Corp., 50 Fla. L. Weekly D203 (Fla. 3d DCA Jan. 15, 2025) ("In breach of contract actions, 'it is well-established that a statute of limitations runs from the time of the breach.'" (quoting BDI Constr. Co. v. Hartford Fire Ins. Co., 995 So. 2d 576, 578 (Fla. 3d DCA 2008))).